# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-091 (SRN/SGE) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ERICK EMILIO DIAZ-AGUILAR, | |
| Defendant. | |

Raphael Coburn, Assistant United States Attorney, United States Attorney's Office counsel for Plaintiff.

Robert Lengeling, Esq., 310 Fourth Ave. S, Suite 1050, Minneapolis, MN 55415

This case is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for a report and recommendation on Defendant Diaz-Aguilar's Motion to Suppress Evidence Obtained as a Result of Search and Seizure. (Dkt. 96.) A hearing was held on August 20, 2025. (Dkt. 128.) Assistant United States Attorney Raphael Coburn appeared on behalf of the United States of America (the "Government"). Attorney Robert Lengeling appeared on behalf of Defendant Erick Emilio Diaz-Aguilar, who was present.

Defendant's motion seeks a "four-corners" review of eight warrants issued during the investigation of Mr. Diaz-Aquilar. (Dkt. 96 at 1.) At the hearing, Defendant confirmed that he sought only to challenge probable cause of the eight warrants, and that only two

1

warrants provide the basis for his challenges to the six subsequent warrants. (Dkt. 135 at 7-8.) After the hearing, the parties filed supplemental briefs. (Dkts. 134, 137.)

From Defendant's Motion and post-hearing brief, it is clear that his probable cause challenge focuses solely on the warrant issued on September 5, 2025, thus, this report and recommendation focuses only on the September 5, 2025, warrant marked as Government's Exhibit 1. Finding that the September 5, 2025, search warrant was sufficiently supported by probable cause, the Court finds the tracking information gleaned therefrom and used to support probable cause in the subsequent search warrants was not unlawfully obtained. Consequently, for the reasons stated below, the Court ultimately recommends denying Defendant's motion as to all eight search warrants.[1]

## BACKGROUND

The facts in this section are gleaned exclusively from the four corners review of each of the search warrants received at the motion hearing, marked as Government Exhibits 1 - 7. Additionally, because Defendant's probable cause challenge focuses solely on the warrant issued on September 5, 2025, this report and recommendation focuses only on the September 5, 2025, warrant marked as Government's Exhibit 1. Finding that the September 5, 2025, search warrant was sufficiently supported by probable cause, the Court finds the tracking information gleaned therefrom and used to support probable cause in the subsequent search warrants was not unlawfully obtained. Thus, the Court ultimately recommends denying Defendant's motion as to all eight search warrants.

---

[1] The Court took the motion under advisement on October 1, 2025, the date of the last briefing deadline. Defendant did not file a reply on October 1, 2025, as permitted by the Court's briefing order. (Dkt. 128.)

# FACTS

On September 5, 2025, Officer Brendan Rasinksi with the Olmsted County Sheriff's Office applied for a tracking warrant for a phone number ending in -3974. (Gov. Ex. 1 at 1.) Officer Rasinksi was conducting an ongoing investigation of Co-Defendant Juan Elvira for the sale of controlled substances. (*Id.* at 4.) In August 2024, Office Rasinski executed a search warrant as a result of his investigation and found bulk amounts of controlled substances and two phones. (*Id.*) Officer Rasinski then obtained search warrants for the seized phones, and searched them, revealing text message communications with the phone number ending in -3974, saved in the phone as "Homie." (*Id.*) The following communications occurred with "Homie:"[2]

> 04-22-2024 at 1851 hours (hrs) "Homie": You gonna need more soon?
> 04-22-2024 at 1853 hrs {507) 358-7924: What's the price looking like
> 04-22-2024 at 1857 hrs "Homie": 1800 to start then we go from there
> 04-22-2024 at 1900 hrs {507) 358-7924: Next reup I'll hit by up
> 04-22-2024 at 1900 hrs "Homie": Sounds good g
> 04-22-2024 at 2025 hrs (507) 358-7924: Aye homie the shyt gone be better then this or what's up
> 04-22-2024 at 2306 hrs "Homie": You didn't like it?
> 04-22-2024 at 2307 hrs (507) 358-7924: I like it to be chunky that's all
> 04-22-2024 at 2308 hrs "Homie": I got you
> 04-22-2024 at 2308 hrs "Homie": Next time
> 04-22-2024 at 2308 hrs (507) 358-7924: I gotta have these mfer try it and that shyt was short a oz and half
> 04-22-2024 at 2310 hrs (507) 358-7924: But I talked to that dude about that already

> 04-22-2024 at 2311 hrs "Homie": Alright g I'll give you back what was short for next round

---

[2] The Court understands that these communications are only the text messages identified in the search warrant and are not the entirety of the text messages on the phone with "Homie." (Gov. Ex. 1 at 4.)

04-22-2024 at 2311 hrs (507) 358-7924: Naw ur good homie that was mine and his deal so ur good

04-22-2024 at 2313 hrs "Homie": When will you be ready for be the next round g

04-22-2024 at 2313 hrs (507) 358-7924: Like 2 weeks

04-22-2024 at 2314 hrs (507) 358-7924: I'll grab 3 or 4

04-22-2024 at 2316 hrs "Homie": Alright g. Good night. I'm about to KO

…

05-25-2024 at 1745 hrs (507) 358-7924: Aye homie what's that ticket gonna be on there when I get back

05-25-2024 at 1812 hrs "Homie": 17 take 5

05-25-2024 at 1813 hrs (507) 358-7924: 17 each

05-25-2024 at 1818 hrs "Homie": Yes

05-25-2024 at 1819 hrs (507) 358-7924: Ok so 85 for the 5

05-25-2024 at 1820 hrs (507) 358-7924: Simon I'll try to get that tograther when I get back for sure I got 65

05-25-2024 at 1822 hrs "Homie": Simon

…

07-15-2024 at 2249 hrs (507) 358-7924: Aye homie it was an Oz short

07-16-2024 at 0731 hrs "Homie": Despensa g I'll let the people know

07-16-2024 at 0737 hrs "Homie": Did you turn the back inside out and scrape it with card

07-16-2024 at 0942 hrs (507) 358-7924: Yeah all of them

07-16-2024 at 1153 hrs (507) 358-7924: They was each like 2 was 6gs short and the other 4 was 4gs short whatever tho on the next one

07-16-2024 at 1220 hrs "Homie": Ok g

(*Id.* at 4-6.)

Law enforcement searched the -3974 number identified as "Homie" using multiple databases but could not accurately identify the owner of the number. (*Id.* at 6-7.) One law

enforcement "deconfliction database," however, associated the -3974 number with multiple controlled substance investigations related to methamphetamine. (*Id.* at 6.)

After searching databases for the user of -3974, Officer Rasinksi met with a confidential reliable informant ("CRI") to discuss the number. The CRI agreed to contact the -3974 number to purchase a bulk amount of controlled substances. (*Id.* at 7.) Office Rasinksi then submitted the application and affidavit for a tracker on the -3974 number, asserting that it would assist law enforcement in identifying individuals involved in the trafficking of controlled substances. (*Id.*) Olmsted County District Court Judge Lisa R. Hayne issued the tracking warrant on September 5, 2024. (*Id.* at 24.)

## ANALYSIS

"The Fourth Amendment requires probable cause to be shown for the issuance of a warrant." *United States v. Montes-Medina*, 570 F.3d 1052, 1059 (8th Cir. 2009) (citation omitted). "Probable cause to issue a search warrant exists when an affidavit [or testimony] in support of the warrant sets forth sufficient facts to establish that there is a 'fair probability that contraband or evidence of' criminal activity will be found in the particular place to be searched." *United States v. Davis,* 471 F.3d 938, 946 (8th Cir. 2006) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). "Determining whether probable cause exists requires a commonsense analysis of the facts available to the judicial officer who issued the warrant." *United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010) (citation omitted). Courts use a totality of the circumstances test to "determine whether probable cause exists." *United States v. Gleich,* 397 F.3d 608, 612 (8th Cir.2005).

**A. Probable Cause**

"When the issuing judge relied solely upon the supporting affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (quotations and citations omitted). And the probable-cause determination of the issuing judge must be given "great deference." *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (citation omitted). Therefore, Judge Hayne's probable cause determination must be upheld "as long as [s]he had a 'substantial basis' for concluding that the 'search would uncover evidence of wrongdoing.'" *United States v. Manning*, 361 F. Supp. 3d 839, 844 (D. Minn. 2019) (quoting *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999)), *aff'd* 833 F. App'x 43 (8th Cir. 2021).

Here, the Defendant argues the September 5, 2024, tracking warrant for the number ending in -3974 lacked probable cause because "investigators did not have sufficient information to seek a tracking warrant" and "the officer seeking the search warrant . . . knew his investigation was not far enough along to justify tracking the cellphone and the officer wanted to conduct a 'fishing expedition' with the warrant." (Dkt. 134 at 2, 4.) Defendant then challenges the seven subsequent warrants alleging they were only possible with the information unlawfully obtained from the September 5, 2024, warrant.

The Court concludes, however, that the September 5, 2025, tracking warrant was supported by probable cause because there was a substantial basis to believe that the phone tracker warrant would uncover evidence of criminal activity. The affidavit provided strong evidence that the phone number ending in -3974 was used for drug trafficking. First,

6

Officer Rasinksi, described his training and experience involving narcotics investigations, and his role as an investigator assigned to investigate the sale of controlled substances. (Gov. Ex. 1 at 4-5.) Second, Officer Raskinski details the investigation into Defendant Elvira which resulted in the seizure of bulk amounts of controlled substances and the two phones which were subsequently searched. (*Id.* at 4.) Third, one of the seized and searched cell phones revealed text messages with a contact labeled "Homie" and a phone number ending in -3974 regarding the sale and purchase of controlled substances. (*Id.* at 4.) Taken together, these facts gave Judge Hayne a substantial basis for concluding that the location data of the phone number ending in -3974 would reveal evidence of controlled substances trafficking.

Because the Court finds that the Judge Hayne had a substantial basis for her probable cause determination, Defendant's challenge to the subsequent warrants based on the illegality of the September 5, 2024, warrant fails. The Court therefore recommends that Defendant's Motion to Suppress be denied.

## RECOMMENDATION

Based on the file, record, and proceedings herein, and for the reasons stated above,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Dkt. 96) be **DENIED**.

Dated: October 24, 2025         *s/Shannon G. Elkins*
                                 SHANNON G. ELKINS
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).